# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 9255 | **DATE** | 12/13/2012 |
| **CASE TITLE** | PNC Bank, National Association vs. 35th & Morgan, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Receiver's Motion for Authority to Market and Sell Property [73] is granted in part. Receiver's motion is granted to the extent that it requests authority to market the Property. Receiver's motion is otherwise denied. Receiver may not sell the Property without prior approval from the Court.

■[ For further details see text below.]     Docketing to mail notices.

**STATEMENT**

On March 9, 2012, the Court appointed Daniel Hyman of Millennium Properties R/E, Inc. ("Receiver") as receiver for property commonly known as 1008-1042 West 35th Street, Chicago, Illinois ("the Property"). Receiver estimates that the Property requires millions of dollars in repairs to bring it into compliance with Chicago's building code. Because Receiver does not believe that he can obtain financing to complete that project, much less the additional financing required to make the Property usable, Receiver has moved to market and sell the Property.

Defendants object to Receiver's motion. In their objection [78], Defendants are emphatic that Receiver does not have the authority to *sell* under Illinois law. See 735 ILCS 5/15-1704(b) (a receiver shall have full power and authority to operate, manage, and conserve such property"). Receiver's reply brief [80] concedes Defendants' point, but argues that their objection is based on a misunderstanding. Receiver's motion "to market and sell" is actually a motion to market for sale. Any sale would still be subject to approval from the Court and parties:

> Defendants cite to various provisions of the [Illinois Mortgage Foreclosure Law] and several cases suggesting the Receiver cannot sell the property. [* * *] Defendants misinterpret the Receiver's motion: the Receiver is not seeking the unfettered right to sell the Property. Rather the Receiver is seeking the authority to market the property and negotiate, subject to the future approval of Court, the sale of the Property. In other words, if the Receiver believes he has found a viable buyer to whom the Receiver believes the Property should be sold, such a decision [* * *] would be subject to the approval of Plaintiff, Defendant, and the Court.

Receiver's Reply Brief [80] at 4. Defendants' only specific objection to marketing the Property is that Receiver has not determined a listing price or the precise terms of a possible sale. But Defendants cite no

**STATEMENT**

authority suggesting that the listing price or terms should be set and agreed upon prior to marketing, and the Court finds this objection unpersuasive. Receiver must obtain Court approval prior to any sale, so there is no danger that Receiver could surreptitiously sell the Property at a below-market price or on otherwise improper terms, as Defendants seem to fear. Defendants will have a chance to be heard prior to any sale. And even if the Court ultimately does not allow Receiver to sell the Property prior to foreclosure, the Court accepts Receiver's opinion that, given the size and special characteristics of the Property, it would be beneficial to all parties for Receiver to attempt to attract interest and give prospective purchasers additional time for due diligence.

Receiver's motion to market and sell [73] is therefore granted to the extent that it requests authority to market the Property. Receiver's motion is otherwise denied. Receiver may not sell the Property without prior approval from the Court.