Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 9255 | **DATE** | 12/18/2012 |
| **CASE TITLE** | PNC Bank, National Association vs. 35th & Morgan, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, PNC Bank's motions to dismiss counter-claims by Dubin and Associates [26] and by Hartshorne Plunkard [59] are denied.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

### I. Background

On December 29, 2011, Plaintiff/Counter-Defendant PNC Bank ("PNC Bank") filed a mortgage foreclosure action against Defendant 35th & Morgan, the owner of real estate at 1008-1042 West 35th Street ("the Premises"), and two entities that recorded mechanic's liens against the Premises, Defendants Dubin and Associates, Inc. and Hartshorne Plunkard Ltd. ("Defendants/Counter-Plaintiffs" or "Counter-Plaintiffs"). On February 22, 2012, Dubin and Associates answered PNC Bank's complaint and filed a counter-claim [12] against it and the other parties seeking to foreclose the mechanic's lien it filed against the Premises and recorded on March 21, 2011. On May 17, 2012, Hartstone Plunkard answered Plaintiff's complaint and filed a counter-claim [57] against the parties seeking to foreclose the mechanic's lien it filed against the Premises and recorded on April 25, 2011. Counter-Plaintiffs bring their claims under Illinois's Mechanics Lien Act, 770 ILCS 60.01, *et seq*. Before the Court are PNC Bank's motions to dismiss [26, 59].

### II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is not to decide the merits of the case; a Rule 12(b)(6) motion tests the sufficiency of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in his favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a

cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole."). The same legal standard applies to counter-claims. See *Guarantee Trust Life Ins. v. Insurers Administrative Corp.*, 2010 WL 3834026, at * 1 (N.D. Ill. Sept. 24, 2010).

### III.    Analysis

In relevant part, § 7 of Illinois's Mechanic's Lien Act provides that

> No contractor shall be allowed to enforce such lien against or to the prejudice of any other creditor or incumbrancer or purchaser, unless within 4 months after completion, or if extra or additional work is done or labor, services, material, fixtures, apparatus or machinery, forms or form work is delivered therefor within 4 months after the completion of such extra or additional work or the final delivery of such extra or additional labor, services, material, fixtures, apparatus or machinery, forms or form work, he or she shall either bring an action to enforce his or her lien therefor or shall file in the office of the recorder of the county in which the building, erection or other improvement to be charged with the lien is situated, a claim for lien, verified by the affidavit of himself or herself, or his or her agent or employee, which shall consist of a brief statement of the claimant's contract, the balance due after allowing all credits, and a sufficiently correct description of the lot, lots or tracts of land to identify the same. * * * No such lien shall be defeated to the proper amount thereof because of an error or overcharging on the part of any person claiming a lien therefor under this Act, unless it shall be shown that such error or overcharge is made with intent to defraud * * * .

770 ILCS 60/7. In other words, § 7 "instructs only that a claim for lien: (1) be filed within four months after the completion of work; (2) be verified by affidavit of the claimant or agent or employee; (3) contain a brief statement of the contract, (4) set forth the balance due; and (5) provide a sufficiently correct description of the lot, lots or tracts of land to identify the same." *National City Mortgage v. Bergman*, 939 N.E.2d 1, 9 (Ill App. Ct. 3d Dist. 2010).

In its motions to dismiss Counter-Plaintiffs' claims, PNC Bank argues that neither Counter-Plaintiff has sufficiently alleged (a) that it performed work within four months of recording its lien or (b) that the alleged work added value to the Premises. See Dkt. 26 at 3; Dkt. 59 at 3.

####    A.    Timeliness

Counter-Plaintiffs' liens were filed in March and April 2011. In the Notice and Claim for Lien and in their submissions to the Court, Counter-Plaintiffs aver that they performed work under their contracts with 35th & Morgan within four months of filing. PNC Bank argues that Counter-Plaintiffs' allegations *must* be untrue because 35th & Morgan had suspended its development of the Premises in 2008. To support its argument, PNC Bank points to the "First Amendment to Loan Agreement," a document attached to its complaint and signed on May 22, 2008. Paragraph D of the First Amendment states:

> Due to market conditions, Borrower [35th & Morgan Development Corp.] and Lender have agreed that the Project is not economically feasible at this time, and therefore, Borrower and Lender have agreed that the Loan will be recast as an acquisition loan with a maturity date of May 22, 2009, with no remaining availability.

See Dkt. 1-8 at 2. PNC Bank reasons that if the original development plan was declared "not economically feasible" in a loan document in 2008, it is not plausible that either Counter-Plaintiff could have completed lienable work in early 2011. Although paragraph D of the First Amendment provides some support for PNC Bank's position, it certainly does not overwhelm Counter-Plaintiffs' allegations such that they must be dismissed under Rule 12(b)(6) or 12(c). See *Richards v. Mitcheff*, 696 F.3d 635, 637-38 (7th Cir. 2012) (discussing when it may be appropriate to dismiss under Rule 12(b)(6) or 12(c) in light of an "airtight defense"). Counter-Plaintiffs have each specifically alleged that they last worked under their contracts in early 2011, and that could be true even if 35th & Morgan's original development plan was not economically feasible in 2008.

PNC Bank also argues that Counter-Plaintiffs' claims must be dismissed because their pleadings do not describe *what* work they did in 2011; they do nothing more than assert that they completed work in early 2011 and refer to their contracts with 35th & Morgan. PNC Bank believes that if Counter-Plaintiffs had *actually* done work within four months of filing their liens, they would have described that work in detail in their pleadings. Reasonable as that thought may be, PNC Bank has cited no authority to support its assertion that a claim to foreclose a mechanic's lien must be dismissed if a claimant fails to provide a detailed description of its work in its pleadings. To be sure, Counter-Plaintiffs could have lent additional credence to their claims by going beyond their contracts to describe in detail work they did in early 2011, but they were not required to do so in order to state a claim. See *Cordeck Sales, Inc. v. Construction Systems, Inc.*, 917 N.E.2d 536, 543 (Ill. App. Ct. 2d Dist. 2009). To state a claim to foreclose a lien under Illinois's Mechanics Lien Act, 770 ILCS 60.01, *et seq.*, a party is only required allege facts sufficient to support the elements of their claim under the statute; "[q]uestions regarding [their liens'] enforceability, including the timing of the recording of the lien[s] and the date that labor and materials were *actually* last provided, are for the trial court to determine based on the evidence." *Bergman*, 939 N.E.2d at *9 (emphasis added).

In short, PNC Bank's arguments attacking Counter-Plaintiffs' claims to have completed lienable work within four months of filing their mechanic's liens raise questions about whether, in fact, work was completed by Counter-Plaintiffs as claimed. But "neither *Twombly* nor *Iqbal* has changed the rule that judges must not make findings of fact at the pleading stage." *Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012).

### B. Enhancement of Value

PNC Bank's other principal argument is that Counter-Plaintiffs' claims should be dismissed because they did not allege that their work enhanced the value of the Premises. Plaintiff relies exclusively on *LaSalle Bank National Assoc. v. Cypress Creek*, 950 N.E.2d 1109 (Ill. 2011), for the proposition that Counter-Plaintiffs had to plead enhancement of value to state a claim. But *Cypress Creek* said nothing about that. *Cypress Creek* concerned "how to distribute foreclosure sale proceeds between a mortgagee and mechanics lien claimants when the mortgage predated the liens * * * under section 16 of the Mechanics Lien Act." *Cypress Creek*, 950 N.E.2d at 1111. In this case, the mortgage does not predate the liens; the lien claims are based on 2006 contracts and PNC Bank's mortgage was recorded in 2007. More importantly for the motions before the Court, *Cypress Creek* does not suggest that a party seeking to foreclose a mechanic's lien must plead enhancement of value. PNC Bank did not cite any case stating such a rule and the Court has found no such

| STATEMENT |
|---|

case in its own research.

Finally, in a footnote to its motion to dismiss Counter-Plaintiff Dubin and Associates' counter-claim, PNC Bank mentions that "[it] believes that there are enough facts to pursue an argument that there was an 'intent to defraud' with respect to this erroneous and overstated lien." Dkt. 26 at 5-6, n. 2. Plaintiff may "pursue an argument" like that in the future, but, without more, that side-comment does not give the Court grounds to dismiss Dubin and Associates' counter-claim.

### IV. Conclusion

For the reasons discussed above, PNC Bank's motions to dismiss counter-claims [26, 59] are denied.